**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Antonio Feliciano CRAWFORD,**
**Defendant—Appellant.**

No. 03–30263.

D.C. No. CR–02–00272–WFN.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 2004.

Decided June 22, 2004.

George JC Jacobs, III, Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Richard D. Wall, Attorney at Law, Spokane, WA, for Defendant–Appellant.

Before BRUNETTI, McKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM *

We affirm Defendant–Appellant Antonio Crawford's jury conviction for knowingly and unlawfully distributing heroin and crack cocaine in violation of 21 U.S.C. § 841(a)(1).

The district court properly denied Crawford's motion to suppress evidence obtained pursuant to the search warrant. The supporting affidavit indicated that Crawford owned the home to be searched and paid its utilities, and that the government's confidential informant told police that Crawford lived in the area where the home was located (the "Indian Trails" area). Following the two government-sponsored controlled buys of illicit drugs, law enforcement had probable cause to believe that contraband and other crime evidence would be found at Crawford's home. *See United States v. Valenzuela,* 596 F.2d 824, 829 (9th Cir.1979). Our law does not require more specific evidence confirming that Crawford resided in the home. The magistrate judge did not commit clear error in issuing the warrant. The district court did not err in denying the motion to suppress.

Evidence of Crawford's prior drug dealing was admissible under Federal Rule of Evidence 404(b), and the government satisfied our four-pronged test for introduction of such evidence. *See United States v. Ayers,* 924 F.2d 1468, 1473 (9th Cir.1991). Crawford's admissions, together with the confidential informant's testimony about his prior drug dealings with Crawford, were material because they provided a persuasive nexus between Crawford and the informant whom the government had enlisted for the controlled buys. Also, the district court did not abuse its discretion in deciding that the probative value of the evidence outweighed its prejudicial effect. *See United States v. Khan,* 993 F.2d 1368, 1376 (9th Cir.1993).

Crawford also challenged the introduction of testimony of the confidential informant who claimed that Crawford had threatened his life. We conclude that the district court properly permitted the government to introduce evidence under Federal Rule of Evidence 404(b) of Crawford's alleged threat. *See Ortiz–Sandoval v. Gomez,* 81 F.3d 891, 897 (9th Cir.1996) (holding that evidence of witness intimidation is admissible to show consciousness of guilt).

Crawford argues that because the government did not correct the confidential informant's statement at trial that the informant had not previously worked for the government as an informant, Crawford was denied a fair trial and the error was plain and reversible. *See United States v. Alli,* 344 F.3d 1002, 1006 (9th Cir.2003). We disagree. The alleged inaccuracy was that the witness answered "no" when asked if he had "worked as a confidential informant before," under circumstances where he had been a confidential infor-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

mant prior to Crawford's case. The informant may have thought the question referred to his current arrangement with the government, not to his current testimony against Crawford. Even if the government should have corrected the witness on this point, we conclude that there was no prejudice. The confidential informant's credibility was already severely in question because he was a habitual heroin user, had made a deal with the government to avoid imprisonment, had an extensive criminal history, and had been shown to be dishonest.

■ Finally, evidence of Crawford's personal possessions and spending habits was properly admitted as circumstantial evidence of his participation in drug trafficking. *See United States v. Miguel,* 952 F.2d 285, 289 (9th Cir.1991). Here the visible cash and possessions of Crawford, which he admitted were in part from drug money, could be considered by the jury to show a standard of living beyond that available from Crawford's legitimate work.

**AFFIRMED.**